John Fox and W. U. Stevens *v.* David Brown and Wife.

**Judicial Sales—Purchaser—Jurisdiction of Chancellor.**

Where a purchaser under a judgment was not a party to the suit, the purchase does not subject him to the jurisdiction of the chan-

cellor further than is necessary to enforce the performance of his agreement as an accepted bidder.

### Judicial Sales—Rule and Attachment.

One who was not a party to the record either as a litigant, purchaser, bondsman, attorney or officer of the court, is not liable to be proceeded against by the summary proceeding of rule and attachment.

APPEAL FROM SHELBY CIRCUIT COURT.

October 27, 1873.

OPINION BY JUDGE LINDSAY:

Stephens was not a party to the suit of Brown and wife against Fox. His purchase under the first judgment did not subject him to the jurisdiction of the chancellor, further than was necessary to enforce the performance of his agreement as an accepted bidder. It is immaterial whether he purchased the lands subject to the payment of the disputed balance then being litigated by Brown and wife and Fox, or without any such incumbrance. It is certain that he did not incur any personal liability to Brown and wife; nor did he in any sense place himself under any obligations to the chancellor to perform a judgment to be subsequently rendered in the cause as to the disputed balance; nor did his sale to a third party change his relationship to the parties litigant, or deprive him of any legal or equitable right. It results, therefore, that in the last judgment rendered against Fox, Stevens was not a party to the record, either as a litigant, purchaser, bondsman, attorney or officer of the court, and hence not liable to be proceeded against by the summary proceeding of rule and attachment.

The judgment against him must therefore be reversed and the cause remanded with directions to discharge the rule. No error is perceived in the judgment from which Fox appeals. It is therefore affirmed.

*Bullock & Beckham,* for appellants.

*Caldwell & Harsood,* for appellees.